```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

NICHOLAS JOHNSON,                )
                                 )   Civil Action No. 05 - 527
     Petitioner,                 )
                                 )   Judge Arthur J. Schwab /
     v.                          )   Magistrate Judge Lisa Pupo
                                 )   Lenihan
PAUL STOWITZKY, Warden, and      )
TOM CORBIN [sic] State           )
Attorney General, and the        )
COMMONWEALTH OF PENNSYLVANIA,    )
BOARD OF PROBATION AND PAROLE,   )
                                 )
     Respondents                 )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Nicholas Johnson be denied and that a certificate of appealability likewise be denied.

**II. REPORT**

**A.    Procedural History**

Nicholas Johnson ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  He contended that the March 4, 2005 decision of the Pennsylvania Board of Probation and Parole ("the Board"), which denied him parole violated his constitutional rights because the denial was arbitrary and capricious.  The Respondents filed their answer, Doc. 7, to which they appended exhibits.

**B.    Relevant Principles of Habeas Corpus Review**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA) which amended the standards for granting state prisoners federal habeas relief for petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because petitioner's habeas petition was filed in the year 2005, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Generally, a habeas petitioner in state custody is required to have exhausted his state remedies before filing his habeas petition. 28 U.S.C. § 2254(b) & (c). However, a court need not address the exhaustion requirement if it can dismiss the habeas petition on other grounds. See, e.g., 28 U.S.C. § 2254(b)(2).

A state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. §2254(a). Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir. 1992). Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991). A federal court's scope of review is limited as it does not sit to retry state cases *de novo* but examines the proceedings in the state tribunal to determine if there has been a violation of federal constitutional standards. Barefoot v.

Estelle, 463 U.S. 880 (1983), superceded by statute on other grounds; Milton v. Wainwright, 407 U.S. 371 (1972).

Moreover, the Board is presumed to comply with the law. Garner v. Jones, 529 U.S. 244, 256 (2000) ("we presume the Board [of Pardons and Paroles of Georgia] follows its statutory commands and internal policies in fulfilling its obligations."); United States v. Aviles, 623 F.2d 1192, 1198 (7th Cir. 1980) ("the presumption of regularity attends official acts of public officers and the courts presume that their official duties have been discharged properly."). Thus, the Board's actions are presumptively legal. Hence, it is the burden of the Petitioner to show otherwise.

**C.   Discussion**

Petitioner was convicted of Involuntary Deviate Sexual Intercourse and Aggravated Indecent Assault for the molestation of his five year old step daughter. Consequently, in April 1999, he was sentenced to a period of incarceration of 5-10 years. On December 8, 2003, the Board granted Petitioner parole. However, while on parole, he committed two technical violations of his parole, including the admitted use of alcohol and the possession of an unauthorized prescription drug, namely, Viagra. On November 18, 2004, the Board recommitted Petitioner to serve six months of backtime for these two technical parole violations and ordered that he be reviewed for re-parole on the next available docket. Petitioner's amenability to parole was again reviewed

on February 8, 2005.  The reviewing Board members apparently both recommended denying Petitioner parole.  The Board on March 4, 2005 denied Petitioner re-parole and indicated that he would be reviewed for re-parole in or after February 2006.   In its March 4, 2005 Notice of Board Decision, the Board gave its reasons for denying Petitioner parole as follows:

> FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT OF 1941, AS AMENDED, 61 P.S. § 331.1 ET SEQ., THE BOARD OF PROBATION AND PAROLE, IN THE EXERCISE OF ITS DISCRETION, HASDETERMINED [sic] AT THIS TIME THAT: YOUR BEST INTERESTS DO NOT JUSTIFY OR REQUIRE YOU BEING PAROLED/REPAROLED; AND THE INTEREST OF THE COMMONWEALTH WILL BE INJURED IF YOU WERE PAROLED/REPAROLED.  THEREFORE, YOU ARE REFUSED PAROLE/REPAROLE AT THIS TIME.  THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:
>
> YOUR PRIOR HISTORY OF SUPERVISION FAILURE(S).
>
> YOUR INTERVIEW WITH THE HEARING EXAMINER AND/OR BOARD MEMBER.
>
> YOU WILL BE REVIEWED IN OR AFTER FEBRUARY, 2006.
> AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:
>
> WHETHER YOU HAVE PARTICIPATED IN A TREATMENT PROGRAM FOR:
> SEX OFFENDERS AND SUBSTANCE ABUSE.
>
> WHETHER YOU HAVE MAINTAINED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.
>
> WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

Doc. 7, Ex. G.  Thereafter, Petitioner apparently filed a petition for review requesting mandamus in the Commonwealth Court, which that Court denied on March 31, 2005.

On April 15, 2005, Petitioner executed the current Section 2254 habeas petition.  The sparse petition argues that

> the Board's decision of March 4, 2005, is arbitrary and/or capricious, and/or otherwise constitutes an abuse of discretion for the following reasons.
>
> 18.  Petitioner had met all required criteria as set forth by the Board within the revocation order of November 18, 2004, thus, the Board's March 4, 2005 decision when stating "Petitioner's best interests do not justify or require parole/reparole," and, "the interests of the Commonwealth would be injured if Petitioner were paroled/reparoled" are erroneous and/or otherwise presents a reason for denial which has been prohibited by law.

Doc. 1 at ¶ 17-18.  Petitioner does not direct the Court's attention as to which federal law he contends was violated.  However, the Court, liberally reading the above, concludes that Petitioner is attempting to make a substantive due process argument pursuant to the Fourteenth Amendment.  See, e.g., Central Airlines, Inc. v. U.S., 138 F.3d 333, 335 (8th Cir. 1998) ("'Assuming this to be true, [the employees mistaken interpretation is] nothing more than a misjudgment of law' that falls far short of the arbitrary, capricious and flagrant conduct that must be present to establish a substantive due process claim.");  Rossney v. Travis, No. 00 Civ. 4562, 2003 WL 135692, *1  (S.D.N.Y. Jan. 17, 2003)("the petitioner alleges that the Parole Board's reliance on mistaken and erroneous facts was arbitrary and capricious, and an abuse of discretion in violation of his substantive due process rights under the Fourteenth Amendment.").

Substantive due process "is an area of the law famous for its controversy, and not known for its simplicity." <u>Woodwind Estates Ltd. v. Gretkowski</u>, 205 F.3d 118, 122 (3d Cir. 2000), <u>overruling on other grounds recognized in</u>, <u>Lonzetta Trucking and Excavating Co. v. Schan</u>, 144 Fed.Appx. 206, 212 (3rd Cir. 2005). In contrast to procedural due process' focus on procedures, substantive due process prohibits certain government actions irrespective of the procedures which attend those actions. <u>Boyanowski v. Capital Area Intermediate Unit</u>, 215 F.3d 396, 399 (3d Cir.2000) ("The substantive component of the Due Process Clause limits what governments may do regardless of the fairness of procedures that it employs, and covers government conduct in both legislative and executive capacities."). Whereas procedural due process concerns deprivations of liberty interests and assures that such deprivations are not accomplished unless attended by certain procedures, substantive due process does not require a liberty interest in order to be violated. <u>Block v. Potter</u>, 631 F.2d 233, 236 (3d Cir. 1980)(holding that denial of parole based on considerations of race may state a claim for violation of substantive due process even though there is no liberty interest in parole);[1] <u>Pittsley v. Warish</u>, 927 F.2d 3, 6

---

[1] This Court acknowledges that even though "the vitality of *Block* is questionable, it must be followed until overturned. *See Jubilee v. Horn*, No. 97-1755, slip op. at 1 (3d Cir. Mar.26, 1998) (unpublished per curiam decision) ('[N]ot only do courts of appeals in other circuits disagree with *Block*, but more recent
(continued...)

(1st Cir. 1991)(under one theory of substantive due process "it is not required that the plaintiffs prove a violation of a specific liberty or property interest") (citing, <u>Rochin v. California</u>, 342 U.S. 165 at 172, 173 (1952)).

The standard for analyzing a substantive due process claim appears to depend upon whether one is challenging legislative or executive action.  <u>See</u>, <u>e.g.</u>, <u>Wagner ex rel. Wagner-Garay v. Fort Wayne Community Schools</u>, 255 F.Supp.2d 915, 922 (N.D. Ind. 2003) ("However, the appropriate standard for analyzing a substantive due process claim depends on whether 'legislation or a specific act of a governmental officer is at issue.'")(quoting, <u>Dunn v. Fairfield Community High School Dist. # 225</u>, 158 F.3d 962, 965 (7th Cir. 1998)).  The parole board is an executive branch agency. <u>See</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 549 (2000)(describing parole board officials as executive branch officials).  The standard of review for a substantive due process challenge to executive branch action requires that the aggrieved person establish that the executive action shocks the court's conscience.  <u>See</u>, <u>e.g.</u>, <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 247 n. 10 (3d Cir. 2002) (wherein the Court of Appeals observed that "we have frequently employed the 'shocks the conscience' standard when considering a claim that an executive

---

¹(...continued)
decisions by this Court suggest that *Block* may be obsolete.')."
<u>Rauso v. Vaughn</u>, No. Civ. 98-6312, 1999 WL 111474, *1 (E.D. Pa. March 2, 1999).

action amounted to a substantive due process violation."); Hawkins v. Freeman, 195 F.3d 732 (4th Cir. 1999)(applying shock the conscience standard to an alleged error in the parole process).  The Board's denial of reparole to Petitionr in March 2005 for the reasons given simply does not shock this Court's conscience.

In essence, Petitioner is arguing that the Board made an erroneous decision in assessing his suitability for parole in light of the fact that he "met all required criteria set forth by the Board within the revocation order of November 18, 2004." Doc. 1 at ¶ 18.  First, and perhaps most fundamentally, Petitioner misunderstands the import of the November 18, 2004 Notice of Board decision.  He seems to think that the Board's recitation of  conditions set forth in that Notice indicate that compliance with such conditions are sufficient for him to be granted re-parole.  Rather, it appears that the conditions stated in the November 18, 2004 are necessary conditions for the grant of re-parole but not sufficient conditions for the grant of re-parole.  In other words, should he not comply with those conditions, it is unlikely that he would be paroled.  However, even if he complied with those conditions, it would not necessarily require that he be paroled, rather, he would only be paroled if, in the judgment of the Board, he was suitable for parole.

Second, Petitioner seemingly ignores the fact that the Board gave as one of its reasons in its March 4, 2005 notice of reasons for denying re-parole, Petitioner's interview with the hearing examiner and/or Board member.  So even if it were the case that he met all the criteria established in the November 18, 2004, nothing in that order precluded the Board from considering Petitioner's demeanor, statements, actions, and/or attitudes exhibited during the interview.  And it appears that the Board concluded that Petitioner's demeanor, statements, etc., during the interview process lead the Board to conclude Petitioner was unsuitable at that time to be reparoled.

At bottom, Petitioner is arguing that the Board erroneously or mistakenly denied him parole.  However, even if the Court were to accept Petitioner's contention that the Board erred in reaching its prudential judgment about the suitability of Petitioner for reparole, such would not constitute a substantive due process violation.  <u>Bishop v. Wood</u>, 426 U.S. 341, 350 (1976)("The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect . . . decisions"); <u>Lowrance v. Achtyl</u>, 20 F.3d 529, 537 (2d Cir. 1994) (applying rule of <u>Bishop v. Wood</u> in a prisoner case); <u>Palmigiano v. Mullen</u>, 491 F.2d 978, 980 (1st Cir. 1974)("There is no federally-protected right to a particular classification nor even to an error-free decision by the state authorities. 'The Constitution does not assure uniformity of decisions or immunity from merely erroneous action,

whether by the courts or the executive agencies of a state.'")(quoting Snowden v. Hughes, 321 U.S. 1, 15 (1944) (Frankfurter, J., concurring)); Tansy v. Mondragon, 52 F.3d 338 (Table), 1995 WL 216926, *5 (10th Cir. 1995)("Even assuming that some of the allegations against Mr. Tansy were inaccurate, this does not establish a factual dispute as to whether he was deprived of substantive due process."). That the Board may have committed an error in the course of its parole decision (assuming that it did in fact do so) simply does not shock this Court's conscience.

Accordingly, Petitioner does not merit habeas relief.[2]

---

[2] Petitioner also complains that the Commonwealth Court erred when it denied his petition for review without conducting a hearing or without providing him records of his case. Doc. 1 at ¶ 19. Petitioner cites no federal law which requires that the Commonwealth Court provide him a hearing on his petition for review or that it provide him with records, nor is the Court aware of any such federal law. While there is federal authority requiring the provision of free transcripts to one appealing a criminal conviction where an appellant's providing the transcript to the appellate court is a necessary pre-condition for the appeal, see, e.g., Griffin v. People of State of Illinois, 351 U.S. 12 (1956), Petitioner points to no extension of such a federal right to the parole context which is civil in nature. Palma v. U.S., Dept. of Alcohol, Tobacco and Firearms 228 F.3d 323, 327 (3d Cir. 2000)("parole and probation revocation hearings are civil proceedings"). Nor does he show that provision of records to the Commonwealth Court is a pre-requisite to file a petition for review. Cf. Com. ex rel. Haines v. Banmiller, 143 A.2d 661, 664 (Pa. 1958)("In this connection it must be noted also that the notes of testimony are not a prerequisite to the right to appeal in Pennsylvania."). To the extent that state law provides him such a right to a hearing and/or records, a mere violation of state law does not provide a basis for federal habeas relief. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991). To the
(continued...)

**E. Certificate of Appealability**

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82 89-90 (3d Cir. 2000).  Because Petitioner does not make a substantial showing that any of his constitutional rights have been denied, a certificate of appealability should be not be granted.

### III. CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

December 27, 2005                        s/Lisa Pupo Lenihan
                                         Lisa Pupo Lenihan
                                         U.S. Magistrate Judge

---

   [2](...continued)
extent that the "records of the case" (Doc. 1 at ¶ 19), which he seeks, are the Board's own records, he has no federal right to such.  Ott v. Ciccone, 326 F.Supp. 609, 611 (W.D. Mo. 1970)("the right to inspect Board files does not apply in Board hearings, even when they involve parole revocation").

-12-

cc:   The Honorable Arthur J. Schwab
      United States District Judge

      Nicholas Johnson
      DX-7290
      SRCF Mercer
      801 Butler Pike
      Mercer, PA 16137

      Christian D. Bareford
      Office of Attorney General
      Fifth Floor, Manor Complex
      564 Forbes Avenue
      Pittsburgh, PA 15219